USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/3/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BARNEY PERRY,                                :
                                             :     **OPINION & ORDER**
            Plaintiff,      :
                                             :
    -against-                               :     1:13-cv-01555 (ALC) (FM)
                                             :
ESTATES OF DONALD BYRD, et al.,              :
                                             :
            Defendants.     :
-----------------------------------------------------------------x
BARNEY PERRY,                                :
                                             :
            Plaintiff,      :
                                             :
    -against-                               :     1:13-cv-01632 (ALC) (FM)
                                             :
BROADCAST MUSIC, INC., et al.,               :
                                             :
            Defendants.     :
-----------------------------------------------------------------x
BARNEY PERRY,                                :
                                             :
            Plaintiff,      :
                                             :
    -against-                               :     1:13-cv-01753 (ALC) (FM)
                                             :
EMI MUSIC PUBLISHING INC., et al.,           :
                                             :
            Defendants.     :
-----------------------------------------------------------------x
BARNEY PERRY,                                :
                                             :
            Plaintiff,      :
                                             :
    -against-                               :     1:13-cv-01754 (ALC) (FM)
                                             :
SONY MUSIC ENTERTAINMENT, INC., et           :
al.,                                         :
                                             :
            Defendants.     :

COPIES MAILED

```
---------------------------------------------------------x   :
                                                              :
BARNEY PERRY,                                                 :
                                                              :
                          Plaintiff,                          :
                                                              :   1:13-cv-01756 (ALC) (KNF)
              -against-                                       :
                                                              :
THE HARRY FOX AGENCY, INC. et al.,                            :
                                                              :
                          Defendants.                         :
                                                              :
---------------------------------------------------------x
```

**ANDREW L. CARTER, JR., United States District Judge:**

In these actions, *pro se* Plaintiff Barney Perry asserts claims of copyright infringement, breach of contract, criminal law and civil rights violations and tort, stemming primarily from his alleged ownership of two musical compositions. The Defendants in each of these actions have moved to dismiss on the grounds of, *inter alia*, res judicata and/or collateral estoppel and a lack of subject-matter jurisdiction. Plaintiff has countered with "motions for judgment against the Defendants." The Court has consolidated the cases for the purposes of resolving these motions. For the reasons stated below, the Defendants' motions to dismiss are granted.

### I. Facts

The following facts are derived both from Perry's Amended Complaints in these actions, whose factual allegations are taken as true at this stage, and from several prior judicial orders in actions involving similar claims by Perry against many of the Defendants here.[1] The Court's

---

[1] The Court notes that, on May 2, 2014, Perry submitted a motion for an extension of time and a proposed second amended complaint in action No. 13-cv-1555. (ECF. No. 59.) The Court denies these motions *sua sponte* on the grounds that the amendment would be futile in light of the preclusive effect of prior judicial orders. *See Duran v. Kelly*, No. 13-cv-136, 2013 WL 6170569, at *1 (2d Cir. Nov. 26, 2013) (summary order) (affirming denial of motion for leave to amend because "amendment would have been futile in light of the preclusive effect of the prior litigation") (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

2

consideration of these orders is appropriate given that Perry's Amended Complaints rely heavily on their alleged invalidity. *See, e.g., DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (district court may consider a document "where the complaint relies heavily upon its terms and effect thereby rendering the document integral to complaint") (internal quotation marks omitted) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).[2]

### A. Allegations in the Amended Complaints

Plaintiff Barney Perry (hereinafter "Perry") alleges that in the 1970s he worked as a musician on an independent contractor basis for the late jazz musician Donald Byrd. (Am. Compl. against Byrd Defs. (hereinafter "Byrd Am. Compl.") ¶¶ 43-44.) Perry alleges that the two eventually became partners in the musical group called the Blackbyrds, but that Donald Byrd breached this partnership, and then entered into a "criminal partnership" to fraudulently deprive him of his copyright ownership of and royalty payments for the musical compositions titled "Walking In Rhythm" and "A Hot Day Today" (the "Compositions"). (Byrd Am. Compl. ¶¶ 45-46, 50-53.) Perry brings suit against the Byrd Estate, Blackbyrd Music, Blackbyrd Productions, Inc. and their attorneys (hereinafter the "Byrd Defendants") alleging not only

---

[2] The Court also observes that consideration of the orders is appropriate on the alternative grounds that it is within the scope of this Court's judicial notice powers. *See, e g., Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011) (on a motion to dismiss, courts may "properly consider matters of which judicial notice may be taken") (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *Blue Ridge Invs., LLC v. Republic of Arg.*, 902 F. Supp. 2d 367, 382 (S.D.N.Y. 2012) ("While a court considering a motion to dismiss is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits . . . [a court] may also look to the public records in deciding a motion to dismiss.") (alteration in original) (internal quotation marks omitted) (quoting *Simpson v. Melton-Simpson*, No. 10-cv-6347, 2011 WL 4056915, at *2 (S.D.N.Y Aug. 29, 2011); *Murphy v. Int'l Bus. Machs. Corp.*, No. 10-cv-6055, 2012 WL 566091, at *2 n.1 (S.D.N.Y. Feb. 21, 2012) ("The Court takes judicial notice of the publicly available and relevant filings and orders in the [prior litigation] . . .in order to determine 'the preclusive effect of the prior judgment for res judicata purposes[.]'") (citing *Sure-Snap Corp. v. State St. Bank and Trust Co.*, 948 F.2d 869, 872 (2d Cir. 1991)).

copyright infringement, but also breach of a 1973 settlement agreement in which Perry acknowledged that he wrote the Compositions as a for-hire employee of Blackbyrd Music and that Blackbyrd Music owned the copyrights in them. Perry alleges the Defendants have breached the agreement through their delinquency in royalty payments and in the provision of yearly accountings. (*See, e.g.,* Byrd Am. Compl. ¶¶ 32-42, 70-80.) Perry also asserts that the Byrd Defendants have committed unspecified torts against him, including stealing his van (which contained some valuables) and obstructing his career, and have violated his civil rights to "rescind or cancel [the settlement agreement] in the event of fraud breach, injury or loss." (*See, e.g.,* Byrd Am. Compl. ¶¶ 81-83, 118-20, 175-76.) Perry seeks $900 million in compensatory and punitive damages.[3]

In the other actions, Perry asserts nearly identical claims of copyright infringement, breach of contract in unpaid royalties, unspecified torts and civil rights violations against Defendants Broadcast Music, Inc. ("BMI"), E.M.I. Publishing Inc. ("EMI"), Sony Music Entertainment ("Sony"), and The Harry Fox Agency ("Harry Fox"). The gravamen of his allegations against these Defendants appears to be that he is entitled to royalties payments that have been paid by these Defendants to Byrd as the copyright owner of the Compositions, (*see e.g.,* Am. Compl. against Sony (hereinafter "Sony Am. Compl" ¶¶ 8-11), and that these Defendants have aided and abetted the torts and civil rights violations by the Byrd Defendants.

---

[3]   Perry has also recently filed similar actions against the Byrd Defendants in the Central District of California and District of New Jersey. *Perry v. Estates of Donald Byrd*, No. 2:13-cv-01650-R (C.D. Cal. filed Mar. 7, 2013); *Perry v. Estates of Donald Byrd*, No. 13-cv-01307 (D.N.J. filed Mar. 5, 2013). The former case was dismissed by the court on July 22, 2013 for lack of prosecution, lack of subject-matter jurisdiction and failure to state claim upon which relief may be granted. (*See* Ex. N to Byrd Defs.' Mot. to Dismiss.) It does not appear that the Defendants have been served in the latter action.

(*See, e.g.,* Sony Am. Compl. ¶¶ 31-37.) Perry seeks $300 million in compensatory and punitive damages from all the Defendants except Sony, from whom he seeks $500 million.

### B. Litigation History

In 1973, Perry entered into agreements with the Byrd Defendants under which Perry transferred all his rights in the Compositions to Blackbyrd Productions. In 1976, after Perry advised Blackbyrd Productions that he wished to terminate the relationship and that he was asserting copyright ownership of the Compositions, the Byrd Defendants and other parties brought suit against Perry in the Eastern District of Virginia alleging that Blackbyrd Productions maintained continued copyright ownership over the Compositions. *See Blackbyrd Prods., Inc. v. Perry*, No. 76-601-A (E.D. Va.). On February 28, 1977, that court held that "all rights, including the copyright in the songs at issue, belong to [Blackbyrd Productions]," and that the copyrights had been granted by Perry to Blackbyrd Productions under the terms of the 1973 contracts, which were valid in spite of Perry's claim of fraudulent inducement. *See Perry v. Byrd*, No. 94-cv-07507, Order, at 4 (S.D.N.Y. Oct. 19, 1994) (quoting *Perry v. Byrd*, No. 76-601-A, Order, at 3 (E.D. Va. Feb. 28, 1997)). However, the court also held that Perry was entitled to certain royalty payments and, in 1977, the parties entered into a settlement agreement resolving the residual issue of Perry's royalties. *See Perry v. Byrd*, 02-cv-1075, Order at 5 (D.N.J. Oct. 31, 2002). That settlement acknowledged the Byrd Defendants' ownership of the Compositions and set a payment amount. *Id.*

However, in 1992, Perry initiated an action against the Byrd Defendants in the Supreme Court of New York, New York County to rescind that settlement agreement and to recover past due royalty payments. *Id.* at 5. The New York County Supreme Court dismissed the claim to rescind the contract. *Id.* It did, however, enter judgment for Perry in the amount of $36,961.53

as compensation for royalties past due. *Id.* at 6. The Defendants satisfied the Judgment on July 10, 1997. *Id.* Later, in 1998, after Perry had sought to reopen the case, the court denied Perry's motion and ordered that Perry "was permanently enjoined from asserting copyright ownership rights [to the Compositions] or otherwise interfering with those rights . . . ." *Id.*; Ex. H to Byrd Defs.' Mot. to Dismiss.

In 1994, while that action was pending in the Supreme Court of New York, Perry brought another action in this Court alleging copyright infringement by the Byrd Defendants. Judge Griesa dismissed the action in an order dated October 19, 1994, based on Perry's failure to state a claim and res judicata. *See Perry v. Byrd*, 94-cv-7507, Order, at 4 (S.D.N.Y. Oct. 19, 1994) (Perry "cannot relitigate the claims already addressed by the Eastern District of Virginia merely because he is dissatisfied with the decision of that court."). Judge Griesa also certified in the order that any appeal would not be taken in good faith, *id.* at 5, and Plaintiff's subsequent appeal to the Second Circuit was accordingly dismissed as frivolous. (*See* Ex. D to Byrd Defs.' Mot. to Dismiss.) Perry subsequently submitted two motions for reargument or reconsideration to Judge Griesa in 1995, which were denied on August 30, 1995. (*See* Ex. E to Byrd Defs.' Mot. to Dismiss).[4]

In 2004, Perry brought another action in this Court against each one of the publishing and recording company Defendants here, asserting copyright infringement of the Compositions and seeking royalty payments paid to the Byrd Defendants as copyright owners. Judge Mukasey

---

[4]  In 2002, Perry again sued Byrd for copyright infringement in the United District Court for the District of New Jersey. That case was summarily dismissed. *See Perry v. Byrd,* 02-cv-1075 (D.N.J. Oct. 31, 2002). Perry's appeals of the 2002 dismissal of his New Jersey action were denied by United States Court of Appeals for the Third Circuit, as was his petition for certiorari to the United States Supreme Court. (*See* Exs. K & L to Byrd Defs.' Mot. to Dismiss.)

dismissed the action for lack of subject-matter jurisdiction. *See Perry v. Broad. Music Inc.*, 04-7114, (Sep. 7, 2004). Judge Mukasey found that, while the complaint alleged copyright infringement, the dispute was really one of breach of contract which the Court could not exercise subject-matter jurisdiction over because Perry's complaints conceded a lack of complete diversity. *Id.* at 3-5. Judge Mukasey also cautioned Perry that "the further filing of non-meritorious and duplicative cases may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so." *Id.* at 6.[5]

## II. Analysis

In order to survive a Rule 12(b)(6) motion to dismiss a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (citing *Ashcroft*, 556 U.S. at 678). In addition, while it is true that, given Perry's *pro se* status, the Court must construe the Amended Complaints "liberally to raise the strongest argument [they] suggest[]," Perry nevertheless is not relieved from his obligation to state a plausible entitlement to relief. *Nielsen*, 746 F.3d at 63. Finally, as relevant here, this Court can grant a motion dismiss for failure to state a claim on the affirmative defense of res judicata based on judicial notice of the prior orders and judgments. *See, e.g., Vargas v. Capital One Fin. Advisors*, No. 13-cv-3262, 2014 WL 960935, at *1 (2d Cir. Mar. 13, 2014) (summary order); *Lipin v. Nat'l Union Fire Ins. Co*, 202 F. Supp. 2d 126, 135 (S.D.N.Y. 2002).

---

[5]   Perry's extensive litigation history extends far beyond the four cases outlined above. *See, e.g., Perry v. Broad. Music Inc.*, No. 04-7114, Order at 5 (S.D.N.Y. Sep. 7, 2004) (collecting cases).

### A. Copyright Infringement

To establish a claim for copyright infringement, a Plaintiff must allege "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 361 (1991)). Copyright registration is also a precondition to a copyright infringement claim, unless the holder has previously attempted to register the work and registration was refused. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Accurate Grading Quality Assurance, Inc. v. Thorpe,* No. 12-cv-1343, 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013)("Because Plaintiffs' complaint does not adequately allege they have satisfied this 'precondition to filing a claim,' their claim is necessarily barred and must be dismissed.") (citation omitted).

In this case, the Byrd Defendants have moved to dismiss Perry's claims for copyright infringement based on the res judicata effect of the prior Eastern District of Virginia and New York Supreme Court judgments, while the non-Byrd Defendants have moved to dismiss Perry's claims for copyright infringement based on the collateral estoppel effect of the judgments, insofar as they establish that Blackbyrd Productions is not the owner of the copyrights of the Compositions. Perry contends that the judgments are not entitled to any preclusive effect because, *inter alia*, they were in error, the Defendants' attorneys engaged in a "fraud upon the courts" by lying to the courts and distorting the facts, and because this case raises new issues,

including the Defendants' alleged "robbery and theft against [Perry]." The Court agrees with the Defendants.

While courts "apply federal law in determining the preclusive effect of a federal judgment and New York law in determining the preclusive effect of a New York state court judgment," there is "no discernible difference between federal and New York law concerning res judicata and collateral estoppel." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted). "Under both New York law and federal law, the doctrine of res judicata, or claim preclusion, provides that '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Malcolm v. Bd. of Educ. of Honeoye Falls-Lima Cent. Sch. Dist.*, 506 F. App'x 65, 67 (2d Cir. 2012) (summary order) (alteration in original) (quoting *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)). The related doctrine of collateral estoppel, or issue preclusion, prevents a party from relitigating an issue decided against that party in a prior adjudication. *Farrell v. Burke*, 449 F.3d 470, 482 (2d Cir. 2006). Under both New York and federal law, "[i]t may be invoked to preclude a party from raising an issue (1) identical to an issue already decided (2) in a previous proceeding in which that party had a full and fair opportunity to litigate." *See id.* 483-84 (quoting *Curry v. City of Syracuse*, 316 F.3d 324, 331 & n. 4 (2d Cir. 2003)). Further, under the doctrine of non-mutual collateral estoppel, third parties who did not participate in the original action can invoke the preclusive effect of a prior judgment to bar a plaintiff from relitigating the same issues in a subsequent lawsuit, provided those issues decided were necessary to a valid and final judgment on the merits. *See Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005).

Applying these doctrines here, the Court dismisses Perry's claim of copyright infringement against the Byrd Defendants based on res judicata and his similar claims against the non-Byrd Defendant based on collateral estoppel. The Eastern District of Virginia and New York State Supreme Court judgments amply establish that Plaintiff is not the valid owner of the copyright over the Compositions, thereby negating a necessary element of Perry's claims of copyright infringement. The determinations in these cases were conclusive and dispositive of the actions, and accordingly are entitled to preclusive effect under both res judicata and collateral estoppel.

Perry's Amended Complaints themselves concede the existence of the prior judgments, and fail to point to any cognizable exception to the application of issue or claim preclusion. It is well-established, for example, that attacking a judgment as erroneous will not negate its preclusive effect. *See, e.g., Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 335-36 (E.D.N.Y. 2012) ("For more than 100 years, New York courts have held that the correctness of a judgment has no bearing on its preclusive effect."). Further, Perry's argument that the "fraud on the court" exception applies can only be properly be made in the Eastern District of Virginia and New York State Supreme Court, and are in any event insufficient as a matter of law. *See Pentagen Techs. Int'l Ltd. v. CACI Int'l Inc.*, 282 F. App'x 32, 34 (2d Cir. 2008) (summary order) (rejecting argument for "fraud on the court" exception on the grounds that "[t]o counteract the preclusive effect of a judgment, the [Plaintiff] must seek relief in the court that rendered it"); *Weldon v. United States*, No. 99-6142, 2000 WL 1134358, at *2 (2d Cir. 2000) (summary order) ("All of [Appellant's] allegations of 'fraud' in this case amount to a general claim that defense counsel mischaracterized the applicable law, and the evidence and affidavit submitted to the district court. Even assuming everything that [Appellant] says is true,

this does not rise to the level of fraud on the court."). Finally, clearly established law dictates that Perry cannot evade the application of res judicata by recasting his copyright infringement allegations as involving "robbery" or "theft" by the Defendants. *See Ananconda-Ericsson Inc. v. Hessen, (In re Teltronics Servs. Inc.)*, 762 F.2d 185, 193 (2d Cir. 1985) ("[n]ew legal theories do not amount to a new cause of action so as to defeat the application of [preclusion]); *see also Jorgensen v. Sony BMG Music Ent'mt*, 310 F. App'x 419, 420 (2d Cir. 2008) (summary order) (affirming res judicata dismissal of copyright infringement claims because, although Plaintiff's complaint allegededly "include[d] secondary issues," the "factual allegations" were "identical to those in the previous complaint").

### B. Plaintiffs' Remaining Claims

The Court having dismissed Perry's claims for copyright infringement on preclusion grounds, only Perry's claims for criminal and civil rights violations, breach of contract and unspecified torts remain. With respect to the tort allegations, the Court liberally construes the Amended Complaints to assert claims for tortious interference with prospective economic advantage in Perry's business affairs and conversion of Perry's van and other valuables.[6] Defendants have also moved to dismiss these claims for, *inter alia*, failing to state a claim and being barred by preclusion principles, but the Court holds that it need not analyze the factual or

---

[6] *See, e.g., Thyroff v. Nationwide Mut. Ins. Co*, 460 F.3d 400, 403-04 (2d Cir. 2006) ("[C]onversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights[.]") (quoting *Vigiliant Ins. Co. of Am. v. Hous. Auth. of City of El Paso, Tex.*, 87 N.Y.2d 36, 44 (1995)); *Joan Hansen & Co., Inc. v. Everlast World's Boxing Headquarters Corp.*, 296 A.D.2d 103, 111 (1st Dep't 2002) (tortious interference with business relations occurs where "defendant intentionally and through wrongful acts prevent[s] a third party from extending a relationship to the plaintiff") (quoting *Freedman v. Pearlman*, 271 A.D.2d 301, 305 (1st Dep't 2000)).

11

legal adequacy of any of these claims, as it lacks jurisdiction to preside over them given that Perry's copyright infringement claims have been dismissed.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (internal quotation marks omitted) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, a court "may examine subject matter jurisdiction, *sua sponte*, at any stage of the proceeding." *Adams v. Suozzi*, 433 F.3d 220, 224 (2d Cir. 2005) (quoting *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 100 n.2 (2d Cir. 1999)). There are two principal bases of federal court jurisdiction: diversity jurisdiction, and federal-question jurisdiction. Federal-question jurisdiction exists when "it is clear from the face of the complaint that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *New York v. Shinnecock Indian Nation*, 701 F.3d 101, 106 (2d Cir. 2012) (internal quotation marks omitted) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28 (1983)); *see also* 28 U.S.C. § 1331. Diversity jurisdiction, meanwhile, exists over civil actions rooted in state law where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is one between citizens of different states. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009)

In this case, a cursory review of the Amended Complaints illustrates that none of Perry's remaining claims present a federal question. For example, Perry's allegations of criminal activity fail to raise a federal question because "federal criminal statutes do not provide private causes of action." *See Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)). Perry's allegations of "civil rights" violations clearly do not involve any question of federal law,

moreover, as the civil right Perry contends has been violated is his alleged right to "rescind or cancel [the settlement agreement] in the event of fraud breach, injury or loss." (*See, e.g.*, Byrd Am. Compl. ¶¶ 175.) This question plainly involves one of state contract law. Finally, Perry's breach of contract and tort claims are unquestionably grounded in state law. Accordingly, federal-question jurisdiction being nonexistent, the only basis on which this Court could premise jurisdiction over the Perry's claims would be diversity.

"It is well established that for a case to come within the diversity statute there must be complete diversity among all parties; that is, no plaintiff and no defendant may be citizens of the same state." *Airlines Reporting Corp v. S. & N Travel*, 58 F.3d 857, 861 (2d Cir. 1995) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In this case, however, Perry has conceded on the last page of each Amended Complaint that he resides in New York and that at least one Defendant in each action presently before this court is also domiciled in New York. This Court therefore cannot proceed on diversity jurisdiction grounds because complete diversity of parties is lacking in each action. Perry's remaining claims are therefore dismissed.[7]

### C. Fees

"The American rule is that, absent a statute providing otherwise, the parties to litigation pay their own attorney fees regardless of outcome." *Mail v. Fed. Ins. Co.*, 720 F.3d 387, 394 (2d Cir. 2013) (citing *Sierra Club v. U.S. Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir. 1985)). One such an exception is the Copyright Act, which provides that a district court can "in its discretion," "allow the recovery of full costs by or against any party . . . [and] may also award a

---

[7] The Court further holds that this is not an appropriate case to invoke its discretion to exercise supplemental jurisdiction over these claims, given that the federal-law claims have been dismissed at an early stage. *See, e.g.*, *Peter F. Gaito Architecture LLC v. Simone Dev. Corp.*, 602 F.3d 57, 69 (2d Cir. 2010).

reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The factors that a court considers in determining whether to make such an award in any given case include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 n. 6 (2014) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 532 n.19 (1994)). However, in cases involving *pro se* litigants, the courts "afford greater leniency and rarely award attorneys' fees." *Scott-Blanton v. Universal City Studios Prods. LLLP, et al.*, 593 F. Supp. 2d 171, 175 (D.D.C. 2009) (citing *Hughes v. Rowe*, 449 U.S. 5, 15 (1980)). In this case, the Byrd Defendants have moved for an award of costs and attorney's fees against Perry for his alleged pursuit of an objectively unreasonable claim, in contravention of several judicial orders.

However, assuming without deciding that the Byrd Defendants are "prevailing parties" under the Copyright Act,[8] this Court finds that this not an appropriate case for the exercise of its discretion to award attorney's fees or costs. While the Byrd Defendants press that sanctions are warranted by the frivolousness and objective unreasonableness of Perry's action, the Court holds that, among other things, Perry's *pro se* status, and the Byrd Defendants likely alternative remedies against Perry in New York Supreme Court for a violation of its injunction militate

---

[8] The Second Circuit has held that, under fee-shifting statutes like the Copyright Act, a "prevailing party" is one who "has achieved a *judicially sanctioned change in the legal relationship of the parties, via a judgment on the merits* or a court-ordered consent decree." *Mr. L. v. Sloan*, 449 F.3d 405, 405-406 (2d Cir. 2006) (citing *Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health and Human Res.*, 532 U.S. 598 (2001)). Applying this test, at least one court in the Circuit has held that a litigant who successfully obtains a dismissal of a claim on preclusion grounds is not a "prevailing party" within the meaning of the fee-shifting statutes, because a res judicata dismissal is not a judgment on the merits that changes the legal status of the parties. *See RBC Nice Bearings, Inc. v. SKF USA Inc.*, No. 06-cv-1880, 2011 WL 6140919, at *1 (D. Conn. 2011). Thus, as a threshold matter, it is not clear that the Byrd Defendants are "prevailing parties" before *this* Court such that they are eligible for costs and attorneys' fees under the Copyright Act.

against such an award. *See, e.g., Perry v. Byrd,* 02-cv-1075, Order, at 7 (D.N.J. Oct. 31, 2002) (denying motion for permanent injunction and Rule 11 sanctions against Perry because "Perry brought this claim in direct violation of an injunction granted by the New York Supreme Court, [and] the proper remedy for Defendants is seek to an order for contempt and for sanctions in the court which entered the injunction"). Additionally, the Court finds the fact that the Byrd Defendants did not litigate any defense on the merits in this action to be another countervailing factor weighing against a discretionary award of costs or attorneys' fees in this case. *See Christopher & Banks Corp. v. Dillard's Inc.*, 805 F. Supp. 2d 693, 698 (S.D. Iowa 2011) (denying request for attorneys' fees because Defendants "simply pointed out a small, technical pleading error" as opposed to "ligat[ing] any defense on the merits").

### D. Filing Injunction

"[A] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (quoting *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996)). Such an injunction can be court, defendant or topic-specific. *See, e.g., id.* at 528-29. In evaluating whether to issue an injunction, a district court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 528 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). In this case, Defendant Harry Fox has moved for a filing injunction against Perry based on, among other things, Perry's well-documented litigation history and the lack of merit of the instant action.

Before a filing injunction can be imposed, however, a litigant must be provided notice and an opportunity to be heard. *See, e.g., Moates v. Barkley*, 147 F.3d 207, 208-09 (2d Cir. 1998). This is lacking in this case as, to date, Perry has not yet been heard on the issue, and it is unclear that he is even on notice of Harry Fox's motion, given that only one of the Defendants raised the issue via a fleeting reference to a permanent injunction in their motion to dismiss. Moreover, the Court finds that, given that the plain language of the New York Supreme Court's injunction arguably extends to prohibit Perry's conduct in commencing the present actions, Defendant Harry Fox has not demonstrated the unavailability of alternative sanctions from that court which could adequately remedy any loss and protect it from similar litigation in the future. *See, e.g., Perry v. Byrd,* 02-cv-1075, Order, at 7 (D.N.J. 2002) (denying motion for permanent injunction against Perry on similar grounds).

Nonetheless, considering that this is Mr. Perry's third unsuccessful attempt, in courts in this District alone, to relitigate claims premised on his alleged ownership of the Compositions, this Court admonishes Mr. Perry that similar actions may not be tolerated in the future. If Mr. Perry persists in filing actions and asserting claims predicated on his alleged copyright ownership of the Compositions, this Court could issue an order to show cause why he should not be required seek leave of this Court before filing any future actions against the Defendants in federal court.

### III. Conclusion

For the reasons outlined above, the Defendants' motions to dismiss are GRANTED without leave to amend. The Clerk of the Court is directed to close each of the files and to terminate all pending matters. This Court also certifies that any appeal by Plaintiff from this

order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: July 3, 2014

      New York, NY

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**